A jury found defendant guilty of second degree murder. From the verdict and a judgment imposing an active prison sentence, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Magner, for the State.*

*Norman E. Williams, Thomas F. Loflin III, and Thomas B. Anderson, Jr., for defendant.*

BROCK, Chief Judge.

We have carefully considered each of defendant's assignments of error and conclude that they present no prejudicial error. It seems clear to us from a reading of the evidence and the charge of the trial judge that defendant was granted a full and fair trial. In our opinion the errors complained of by defendant were not prejudicial and did not affect the results of the trial. A new trial will not be ordered for nonprejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.

---

STATE OF NORTH CAROLINA v. ALTON MORRIS

No. 7316SC607

(Filed 10 October 1973)

APPEAL by defendant from *Clark, Judge,* 26 March 1973 Session, ROBESON County Superior Court.

At the 6 October 1969 Session of Superior Court of Robeson County, the defendant tendered a plea of guilty to a charge of felonious larceny. The defendant had been charged with the crime of felonious larceny in a proper bill of indictment. The record shows that his plea of guilty to the charge was entered understandingly, freely and voluntarily without any undue influence, compulsion or duress and without any promise of leniency; and it was so adjudicated by the Presiding Judge, Edward B. Clark. A sentence of not less than three nor more than five years was imposed, and this sentence was suspended upon certain conditions; and the defendant was placed upon probation for a period of three years.

Thereafter, under date of 16 March 1971, the probation officer served a bill of particulars upon the defendant, together with a report setting out various violations of the conditions of probation and setting the matter for hearing before a judge of the superior court on 19 March 1971. On 19 March 1971, Judge Canaday, presiding over a session of the superior court, found that the defendant had wilfully violated the terms and conditions of the probation judgment, but, nevertheless, in his discretion, continued the probation under the former order of the court.

Under date of 24 April 1972, Judge Cowper entered an order again continuing the probation under former orders of the court.

On 16 September 1972, the probation officer again served a bill of particulars upon the defendant, together with a report setting out various violations of the conditions of probation and notifying the defendant that the matter would be presented to a judge of the superior court at the 18 September 1972 Session. On 21 September 1972, Judge McKinnon found that the defendant had wilfully violated the terms and conditions of the probation judgment and set out the details thereof. Nevertheless, Judge McKinnon, with the consent of the defendant in open court, did not place the probation sentence into effect, but, instead, continued the probation sentence and extended it from 5 October 1972, to 4 October 1974.

Thereafter, on 27 March 1973, the probation officer again served a bill of particulars upon the defendant, together with a report setting out various violations of the terms and conditions of the probation sentence and notifying the defendant that the matter would be presented to the judge of the superior court at the 28 March 1973 Session.

On 29 March 1973, Judge Clark found that the defendant had wilfully violated the terms and conditions of the probation judgment in various particulars and that the defendant was at that time serving an active sentence for a misdemeanor offense. Judge Clark revoked the probation and ordered the previous sentence placed into effect, namely, the sentence of not less than three nor more than five years, and ordered that it run concurrent with the sentence the defendant was serving at that time. From the revocation of the probation and the placing of the sentence into effect, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney James E. Magner, Jr., for the State.*

*George. D. Regan for defendant appellant.*

CAMPBELL, Judge.

This appeal presents only the face of the record proper for review. We have reviewed the record and no error appears.

No error.

Judges MORRIS and VAUGHN concur.

---

STATE OF NORTH CAROLINA v. NORMAN HICKS

No. 7310SC620

(Filed 10 October 1973)

APPEAL by defendant from *Hobgood, Judge,* 9 April 1973 Session of Superior Court held in WAKE County.

Defendant was charged in a bill of indictment, proper in form, with assault with a deadly weapon with intent to kill inflicting serious injury upon one David Hamilton. He entered a plea of not guilty and was convicted by a jury.

The State's evidence tended to show that on 10 August 1972 the defendant, an inmate in Central Prison, became involved in an argument with a fellow prisoner, David Hamilton. During the course of the argument defendant produced a dagger-like weapon referred to as a "shank" and stabbed Hamilton several times in the back, lungs, and elsewhere about the body, causing serious injuries.

The defendant presented several witnesses who testified in effect that Hamilton had assaulted him and that he was acting in self-defense.

From judgment imposing a prison sentence of 10 years, defendant appeals.

*Attorney General Morgan, by Associate Attorney Emerson D. Wall, for the State.*

*Carl W. Hibbert for defendant appellant.*